Mr.Justice Huge
delivered the opinion of the court.
It has beetvregarded as settled doctrine ever since the ca*s'e‘ Buckmyr vs. Darnall, (2 Lord Raymond, 1085.) Robt. on Frauds, 218,) that when no action will lie sígá'inst'Vn'e “party undertaken for, it is an orignal promise,. If A. promise- B. that in consideration of,his doing a par-íiculáf-act, C. shall pay him such a sum, and if C. do not nay him, he, bA. will pay the same; this is said to be no *397 collateral undertaking on the part of A. unless C. was privy to the contract, and recognized himself as a debtor also. (Fitzgibbon, 302. Robt. on Frauds, 223.) In the case before me, the defendant undertook for the representative of Dr. Bradley, against whom no action could lie for the articles furnished for. the funeral of Mrs. Bradley. And there was no privity of contract between the plaintiff and the nephew of Dr. Bradley. But it has been urged, that the subsequent promise of the nephew had a retro-active operation, and rendered him liable ; but if he were not liable before the promise was made, he could not be so af-terwards. It was'not in writing, and was nudum pactum. Had the defendant undertaken for the estate or legal representative of Mrs. Bradley, who was legally bound to pay the expenses of her funeral, it would have been a different question : but she unfortunately undertook for one who was not responsible, and who was so far from being privy t'o the contract, or acknowledging himself a debtor, refused payment and denied the authority of the defendant to render him responsible.
King, for the motion.
Sunt, contra.
I am of opinion therefore that the motion must be re- ' fused.
Justices PTott, .Johnson., Richardson and Colcock, concurred.
Mr, Justice Gañil dissented.